

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TH/ALK:VAZ/KRA
F. #2026R00061

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 7, 2026

<u>By ECF and Hand</u>

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Joshua Nass
>        <u>Criminal Docket No. 26-108 (DLI)</u>

Dear Judge Irizarry:

The government respectfully moves the Court to enter the enclosed proposed protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure.  <u>See</u> Ex. A, Proposed Protective Order.  The defendant objects to the protective order's provisions setting forth the framework for designating materials as "Sensitive Discovery Material" ("SDM") or "Attorney's Eyes-Only Material" ("AEO").  For the reasons below, however, there is good cause under Rule 16(d) for the Court to enter the proposed order.  The government will be prepared to address this motion at the initial appearance before Your Honor on May 15, 2026.

   I.   <u>Background</u>

     A.   <u>Offense Conduct</u>

The defendant is a public relations professional and an attorney licensed to practice in New York State.  Beginning in December 2025, the defendant began attempting to collect $500,000 that he believed was owed to him by a former client.  Rather than pursue these funds through the legal process—which the defendant claimed was "not how [he] work[ed]"—he hired an individual (the "Confidential Witness") to threaten, intimidate, and assault the former client and his family, including one of the client's sons and the son's spouse.

The defendant stalked the victims, gathering sensitive information about their whereabouts and finances, and provided that information to the Confidential Witness.  The defendant then directed the Confidential Witness to do "anything and everything" to get the victims to pay.  Among other things, the defendant instructed the Confidential Witness to visit

the former client's son at his home, and when that did not work,[1] to take further action, including potentially forcing the son into a car and physically assaulting him.

Additional details of the defendant's scheme are set forth in the government's March 13, 2026, letter relating to the necessary bail conditions in this case and incorporated into this motion. See Ex. B, Government's Letter Concerning Bail Conditions.

B. Procedural History

On March 13, 2026, the defendant was arrested on a complaint charging him with attempted Hobbs Act extortion. See ECF No. 1.

On April 22, 2026, a grand jury returned a six-count indictment charging the defendant with (1) attempted Hobbs Act extortion, in violation of 18 U.S.C. § 1951(a); (2) use of interstate facilities to commit extortion, in violation of 18 U.S.C. § 1952(a)(3)(A); (3) two counts of violating the Travel Act, in violation of 18 U.S.C. § 1952(a)(3)(A); (4) cyberstalking, in violation of 18 U.S.C. §§ 2261(b)(5) and 2261A(2)(B); and (5) interstate stalking, in violation of 18 U.S.C. §§ 2261(b)(5) and 2261A(1)(B). See ECF No. 28.

C. The Proposed Protective Order

Since the defendant's arraignment on the complaint, the government has met and conferred with defense counsel concerning the discovery that will be produced in this case. These discussions included the negotiation of a protective order to govern the production of discovery. The proposed protective order—which provides important protections for information about potential witnesses and other third parties and sensitive law enforcement techniques—is a standard order that has been endorsed by this Court and numerous other courts in this District. See, e.g., United States v. Duhaney, No. 24-CR-523 (DLI), ECF No. 18; United States v. Sierkov, No. 25-CR-79 (DLI), ECF No. 20; United States v. McLaughlin, No. 24-CR-419 (DLI), ECF No. 17.

The proposed order sets out the procedures for defense counsel's handling of discovery material that falls into different categories; specifically, material designated SDM and information designated AEO—and the corresponding process for challenging the designation of such material. After a good faith determination by the government that material constitutes SDM, the protective order requires that the information be shared with the defendant only in the presence of a member of the defense counsel team, including a lawyer, paralegal, associate, or other agent. For material the government has in good faith designated AEO, that material is viewable only by defense counsel and is not to be shared with the defendant. And, as set forth in

---

[1]     The Confidential Witness told the defendant that he visited the son's home, as directed, but the Confidential Witness had not in fact gone to the son's residence.

2

the protective order, each designation may be challenged by the defense and ruled upon by the Court.[2]

## II.    Applicable Law

The Supreme Court has held that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." Alderman v. United States, 394 U.S. 165, 185 (1969).

Rule 16(d) authorizes courts to issue protective orders restricting the dissemination of discovery material for good cause, and such an order will not be overturned absent an abuse of discretion. See Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."); United States v. Al-Farekh, 956 F.3d 99, 106-07 (2d Cir. 2020) (noting "district courts' power under [Rule 16(d)] to issue protective orders denying or restricting discovery for good cause"); In re Terrorist Bombings of U.S. Embassies in E. Afr., 552 F.3d 93, 122 (2d Cir. 2008) (noting that Rule 16(d) grants district courts the discretion to establish conditions "under which the defense may obtain access to discoverable information"); United States v. Smith, 985 F. Supp. 2d 506, 521 (S.D.N.Y. 2013) (noting that "the Supreme Court has held that 'the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of materials which they may be entitled to inspect'") (quoting Alderman, 394 U.S. at 185).

Courts in this District routinely enter protective orders over a defendant's objection upon a showing of good cause. See, e.g., Order, United States v. Weston, No. 25-CR-163 (ENV) (E.D.N.Y. filed July 8, 2025), ECF No. 28-1; Order, United States v. Powell, No. 21-CR-572 (EK) (E.D.N.Y. filed Oct. 14, 2024), ECF No. 189; Order, United States v. Grinin, No. 22-CR-409 (HG) (E.D.N.Y. filed Aug. 30, 2023), ECF No. 80; Orders, United States v. Macario, No. 22-CR-356 (ENV) (E.D.N.Y. filed Jan. 27, 2023), ECF Nos. 61-62.

"Good cause" as contemplated by Rule 16 includes "information that could lead to the identification of potential witnesses, information related to ongoing investigations, and information related to sensitive law enforcement techniques." United States v. Guzman Loera, 24 F.4th 144, 154 (2d Cir.), cert. denied sub nom. Loera v. United States, 213 L. Ed. 2d 1017, 142 S. Ct. 2780 (2022); accord Smith, 985 F. Supp. 2d at 524, 531 (third party and law enforcement interests); Fed. R. Crim. P. 16, Notes of Advisory Committee on Rules – 1974 Amendment ("Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed.").

---

[2]    The proposed protective order also contains provisions concerning any draft transcripts provided by the government in the course of discovery.

3

III.     The Court Should Enter the Proposed Protective Order

As detailed above, the protective order sets out procedures governing "Sensitive Discovery Material" and any information that may be designated "Attorneys' Eyes Only." The government has conferred with defense counsel, and it understands defense counsel is not willing to stipulate to the inclusion of those provisions. As set forth below, however, good cause exists for these provisions in this case.

As an initial matter, the government does not anticipate that the discovery in this case will be particularly voluminous. But the discovery will include sensitive information concerning the extortion victims and their family members, potential witnesses, and other third parties, as well as recordings and other materials related to the Confidential Witness. The existence of such material alone gives rise to the need for an SDM designation to ensure that these individuals' privacy interests and sensitive law enforcement techniques are protected. But the need for protection is even more apparent here given that the defendant—a licensed attorney—collected and used sensitive personal information in connection with his efforts to harass, surveil, and intimidate his victims. In light of the limited volume of SDM materials that the government expects to produce, and the clear need for a protective order in this case, the government submits there is good cause to enter a protective order containing SDM provisions.

The government has not identified any materials that it intends to designate as AEO at this time. The government submits that it would nonetheless be prudent to include a framework for producing materials on an AEO basis in the context of this case. Putting these procedures in place at the outset will facilitate the prompt production of any such material to defense counsel in the future without the need for court intervention. And, again, any such designation could be challenged by defense counsel after production of the material, leaving the burden on the government to establish why such material should continue to be treated as AEO.

4

IV.    Conclusion

For the foregoing reasons, the government respectfully requests that the Court enter the enclosed proposed protective order.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    _____/s/_____

Anna L. Karamigios
Victor Zapana
Kamil R. Ammari
Assistant U.S. Attorneys
(718) 254-7000

Enclosure

cc:    Clerk of Court (DLI) (by E-mail)
       Counsel of Record (by E-mail)

5