

Ilana Haramati
*Partner*
ih@mss-pllc.com
Tel: (646) 860-3130
Fax: (212) 655-3535

May 13, 2026

<u>VIA ECF</u>

Hon. Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Courtroom 8C South
Brooklyn, NY 11201

>    Re:    *United States v. Joshua Nass*, 26-cr-108 (DLI)

Dear Judge Irizarry:

We represent defendant Joshua Nass in the above-captioned case.  We write in opposition to the government's May 7, 2026 motion, and May 12, 2026 letter requesting that the Court enter its proposed protective order.  *See* ECF Docs. 32, 33.  Mr. Nass has no objection to entering a protective order prohibiting public dissemination of discovery material.  Instead, we object to the "Sensitive Discovery" and "Attorneys' Eyes Only" provisions that the government requests, which would preclude Mr. Nass from possessing, and in some cases, viewing the evidence against him.  These prohibitions are unduly burdensome, and wholly unnecessary in this case.

The charges against Mr. Nass stem from a few weeks of conversations with a government cooperating witness, many of which were apparently recorded by the cooperator.  Apart from conversations, and communications, there were no violent or threatening acts taken against the alleged victims—not by Mr. Nass or anyone else.  This case is centered on all talk, and ensuring that Mr. Nass has sufficient opportunity to review those conversations (which are largely in Russian) is crucial to preparing his defense in this case.  They ***are*** the case.

Evidently, the government, however, seeks to limit Mr. Nass' access to those very conversations by designating them "Sensitive Discovery Material," and permitting him to listen to them only in the presence of defense counsel or staff.  That would meaningfully hamper Mr. Nass' ability to prepare his defense, and place an unnecessary strain on the defense team.  Mr. Nass is not accused of enacting violence, nor are there allegations of connections to organized crime.  There is thus no palpable security concern.  There is also no heightened need to protect the government's investigative methods.  Because of the short duration, and circumscribed nature of the alleged conduct, Mr. Nass knows the identities of the cooperating witness, and the alleged victims.  Separating Mr. Nass from the evidence he faces would accomplish nothing.  There is simply no articulable justification for the restrictive provisions in the government's proposed protective order, and certainly not the "good cause" that the law requires.  *See* Fed. R. Crim. P. 16(d)(1).

Hon. Dora L. Irizarry
May 13, 2026
Page 2 of 6

The Court should thus deny the government's motion, and enter a more limited protective order that prohibits dissemination of the discovery materials beyond this case. To that end, we have attached as Exhibit A the Defense's Proposed Protective Order, protecting the discovery material from public dissemination, except as contemplated for trial and other public court proceedings. Attached as Exhibit B is a redline reflecting the differences between the Defense's Proposed Protective Order (Ex. A), and the government's original protective order. *See* ECF Doc. 32, at 6-12. We respectfully request that the Court enter the more targeted protective order attached as Exhibit A.

### A.    Legal Standard

Federal Rule of Criminal Procedure 16(a)(1) provides that "the government must disclose to the defendant," several broad categories of materials in the government's possession or control, including, "any relevant written or recorded statement by the defendant." F. R. Crim. P. 16(a)(1)(B). This requires production of recordings of a defendants' statements made to law enforcement officers and informants. *See, e.g., United States v. Morales*, No. 93 CR. 291 (KC), 1993 WL 465209, at *12 (S.D.N.Y. Nov. 9, 1993) (Rule 16(a)(1) provides for "broad pre-trial discovery of defendants' statements, whether made during or after the commission of the crimes charged; to a government agent, to a grand jury, or to anyone else; and whether obtained surreptitiously or voluntarily.").

Rule 16(d)(1) permits the Court to "deny, restrict, or defer discovery or inspection," but solely for "good cause;" disclosure to the defendant remains the default rule. *Id.* "Good cause" under Rule 16(d)(1) "exists" only "when a party shows that disclosure will result in a ***clearly defined, specific and serious injury***." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y 2006) (emphasis added) (citing *Shingara v. Skiles*, 420 F.3d 301, 206 (3d Cir. 2005)). "***Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing***." *United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013) (emphasis added). The Court must "ensure that the protection afforded to discovery information is no broader than is necessary to accomplish the proffered goals of the protective order." *United States v. White*, No. 24-CR-300 (DEH), 2024 WL 2801987, at *1 (S.D.N.Y. May 31, 2024)

"As the party seeking a protective order, the Government bears the burden of showing good cause." *Smith*, 985 F. Supp. 2d at 522–23 (citing *United States v. Carriles,* 654 F.Supp.2d 557, 565–66 (W.D. Tex.2009); *United States v. Jones*, No. 06–CR–149, 2007 WL 4404682, at *2 (E.D. Tenn. Dec. 13, 2007) (rejecting government's request for a Rule 16(d) protective order where government failed to "make the requisite showing" of good cause)).

### B.    The Unduly Burdensome Provisions of the Government's Proposed Protective Order

While Mr. Nass does not object to entry of a protective order prohibiting public dissemination of the discovery produced by the government, the government's proposed protective order goes far further than that—asking the Court to restrict Mr. Nass himself from accessing the

Hon. Dora L. Irizarry
May 13, 2026
Page 3 of 6

_____

evidence against him in preparation for his own defense.  Specifically, Mr. Nass objects to two sets of provisions that the government requests.

*First*, the government seeks authorization to designate some undefined portions of the discovery as "Sensitive Discovery Materials."  As contemplated by the government, Mr. Nass would be prohibited from possessing or reviewing that evidence without supervision of defense counsel or staff.  *See* Gov. Proposed Protective Order, ECF Doc 32-1, ¶ 6.

*Second*, the government seeks additional restrictions on materials that it unilaterally designates as "Attorneys' Eyes Only Material," which the government seeks to prohibit Mr. Nass from reviewing at all.  Indeed, the proposed protective order provides that "Attorneys' Eyes Only Material may be reviewed only by Defense Counsel and Defense Staff"—not the defendant himself.  *Id.* ¶¶ 9-10.

Although the government has not detailed, in its motion or elsewhere, what specific categories of discovery materials it seeks to prohibit Mr. Nass from possessing, after conferring with the government, we understand they include the recorded conversations between Mr. Nass and the cooperating witness.  Because there is neither a meaningful security concern for the government witness, nor a concern for maintaining secrecy of ongoing investigations, the government cannot show "good cause" for these onerous prohibitions.  To the contrary, precluding Mr. Nass from possessing and reviewing his evidence as often as he likes, and in the quiet of his own home will only encumbers his ability to assist in the preparation of his defense.

C.  **The Government Cannot Show "Good Cause" for the Severe Limitations it Seeks to Place on Mr. Nass' Access to the Evidence**

The government has only generally argued that unspecified information regarding alleged "victims and their family members, potential witnesses, and other third parties, as well as recordings and other materials related to the Confidential Witness," *automatically* necessitate a prohibition against Mr. Nass simply possessing a copy of the evidence against him.  Gov. Ltr., ECF Doc. 32 at 4.  But that is not the "good cause" required.  Nor are the allegations against Mr. Nass sufficient to warrant this restrictive protective order.

Of course, Mr. Nass firmly maintains his innocence and awaits an opportunity to vindicate himself at trial.  But even a critical look at the charges themselves undermines the government's contention here: there are no allegations of actual violence, and there are no allegations that Mr. Nass has connections with organized crime.  There is simply no credible fear of threats of violence going forward.  Nor is exposure of secretive government investigative techniques at issue.  The allegations span just three weeks of conversations with a single cooperating witness who is known to Mr. Nass, as are the identities of the alleged victims.  There is no reason for the government to separate Mr. Nass from the evidence against him.

Hon. Dora L. Irizarry
May 13, 2026
Page 4 of 6

Indeed, the government's protective order in *United States v. Villani*, 22-cr-405 (KAM), ECF Doc. 43, undermines the government's argument here. The charges in *Villani* included both allegations of extortion, as well as organized crime connections. And, the discovery comprised dozens of recorded conversations between a defendant charged with RICO and the government's cooperating witness. Nonetheless, the government produced discovery via a protective order that permitted the defendants to possess the evidence against them, facilitating fulsome review—the *Villani* protective order prohibited only use of the discovery for purposes unrelated to the criminal case. *See id.* There is no reason that same order would not suffice in this case, in accordance with Mr. Nass' requested protective order. *See* Ex. A, Defense's Proposed Protective Order.

The government's scant argument fails to address why any concerns it may have are not amply addressed by the protective order provisions prohibiting dissemination of use of discovery beyond defense of this case. That alone is sufficient to deny the government's requested "Sensitive Discovery," and "Attorneys' Eyes Only" prohibitions. In *United States v. Torres*, No. 26 CR. 9 (PGG), 2026 WL 948214, at *1 (S.D.N.Y. Apr. 7, 2026), the court rejected the government's request for a similar protective order for precisely this reason: the government had not "attempt[ed] to demonstrate how harm could result if a protective order is not issued," rendering the provisions of the harsh protective order "overbroad." *Id.* Instead, the *Torres* court entered a protective order that "prohibit[ed] defendants from more widely disseminating" video "footage contain[ing] images of victims and witnesses," but permitting the defendants to possess the discovery with those limitations. *Id.* at *2.

The Court should do precisely the same here, and enter the Defense's Proposed Protective Order attached as Exhibit A. *See also United States v. White*, No. 24-CR-300 (DEH), 2024 WL 2801987, at *2 (S.D.N.Y. May 31, 2024) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing.") (quotation marks, citations, and modifications omitted).[1]

> **D.    The Government's Proposed "Sensitive Discovery" and "Attorneys' Eyes Only" Provisions Would Hamper Mr. Nass' Ability to Sufficiently Review the Evidence In His Case, and Place a Real Onus on Defense Counsel**

Preventing Mr. Nass from maintaining copies of the evidence against him to review in his own time, at his own pace, and as often as he likes, places a real burden on the defense. *See, e.g., United States v. Smith*, 985 F. Supp. 2d 506, 544 (S.D.N.Y. 2013) ("the Court should consider how burdensome a protective order would be on them, being particularly sensitive to the extent to which a protective order would hinder their efforts to defend themselves at trial.").

---

[1] Because the government does not presently seek to produce any materials under the "Attorneys' Eyes Only" designation that would prohibit review by Mr. Nass, we focus this opposition on the "Sensitive" designation. Nonetheless, the same arguments are equally applicable to the "Attorneys' Eyes Only" designation.

Hon. Dora L. Irizarry
May 13, 2026
Page 5 of 6

---

The allegations in the Criminal Complaint and the government's Detention Memorandum, clarify that recordings of conversations between Mr. Nass and the government cooperating witness comprise some of the government's key evidence. These recordings are largely in Russian, which is a language that Mr. Nass speaks. Thus, Mr. Nass' ability to review the recordings carefully and frequently, to confirm nuances, and parse any draft translations is crucial to adequately preparing his defense at trial.

Mr. Nass lives in Charleston, South Carolina, while counsel's offices are in New York City. Under the government's proposal, he will be hundreds of miles away from the core evidence against him, unable to utilize his memory, and the evidence effectively in preparing his trial defense.

And, while Mr. Nass may travel to New York to meet with counsel, the protective order requires counsel to babysit Mr. Nass when he reviews the discovery designated as "Sensitive." ECF Doc 32-1, ¶ 6. Devoting the resources to sitting with Mr. Nass while he reviews recordings and other discovery to fully digest the evidence against him is prohibitive. Defense counsel simply cannot expend dozens of hours to just sit with Mr. Nass while he reviews and analyzes the evidence against him to assist in his own defense. We too have work to do to prepare for Mr. Nass' defense: reviewing other discovery, researching and drafting legal motions, undertaking a defense investigation, and preparing for witness examinations.

Restricting Mr. Nass' access to recordings of his own conversations is particularly dubious. The Second Circuit has been clear that Rule 16 "gives a defendant virtually an absolute right to his own statements in the absence of highly unusual circumstances." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993) (quotation marks omitted). And, "overly burdensome regulation unjustifiably undermines Rule 16's mandatory discovery provisions, which were instituted upon the belief that 'broad discovery contributes to the fair and efficient administration of criminal justice'." *United States v. Cadet*, 423 F. Supp. 2d 1, 3 (E.D.N.Y. 2006) (quoting Rule 16 Advisory Committee Notes, 1974 Amendments), *superseded on other grounds by* 18 U.S.C. § 3509(m) (The Adam Walsh Child Protection and Safety Act of 2006).

Indeed, *United States v. Burgess*, No. 18-CR-373 (RJS), 2018 WL 11211501 (S.D.N.Y. Sept. 21, 2018), denied the government's request for an equally constraining protective order on similar grounds. In *Burgess*, the discovery included "audio and video recordings" of the defendant and an "undercover and confidential informant." *Id.* at *1. As is the case here, the government in *Burgess* sought a protective order requiring that this material "be kept in the sole possession of the defendants counsel," and prohibited the defendants from "copying or otherwise recording" the materials. *Id.* (quotation marks and modifications omitted). Over the government's insistence that these restrictions were necessary "to protect the safety of the confidential informant and undercover officer in this case," the court denied the government's motion for a protective order. *Id.* at *2. The court explained that because "it is likely that Defendants have already determined . . . the identities of the confidential informant and the undercover officer," precluding them from reviewing the recordings on their own did not "materially impact the risks to the safety of the confidential informant and undercover officer." *Id.* Under these similar circumstances, *Burgess* thus concluded that the "restrictions in the government's proposed protective order impose

Hon. Dora L. Irizarry
May 13, 2026
Page 6 of 6

---

undue and substantial burdens on the defendants and counsel," that are "not narrowly tailored to advance the legitimate goals of protecting witness safety and ongoing law enforcement efforts." *Id.* at \*3 (quotation marks and modifications omitted).[2]

The same is true here. Because of the narrow scope of this case, the defense is fully aware of the identities of the cooperating witness, and the alleged victims. As in *Burgess*, preventing Mr. Nass from possessing his discovery will serve no articulable purpose. It will only hamper his defense—the government has not meaningfully argued otherwise. The Court should thus deny the government's motion, and enter the more tailored protective order that Mr. Nass proposes in Exhibit A instead.

Respectfully submitted,

/s/ IH

Henry E. Mazurek
Ilana Haramati

*Counsel for Defendant Joshua Nass*

cc:    Counsel of Record (*via ECF*)

---

[2] The cases that the government cites are not comparable in *United States v. Duhaney*, No. 24-CR-523 (DLI), ECF No. 18, *United States v. Sierkov*, No. 25-CR-79 (DLI), ECF No. 20, and *United States v. McLaughlin*, No. 24-CR-419 (DLI), ECF No. 17, the parties stipulated to the protective order. *United States v. Weston*, No. 25-CR-163 (ENV) (E.D.N.Y. filed July 8, 2025), ECF No. 28-1, at 2, involved homicide charges against the defendants, and thus a real risk of future violence against government witnesses. *United States v. Powell*, No. 21-CR-572 (EK) (E.D.N.Y. filed Oct. 14, 2024), ECF No. 189, similarly involved charges of violence, including death, "rais[ing] legitimate concerns for witness and victim safety and confidentiality in the case of an armed robbery in which several people were shot, one fatally." *Id.* at 3. In *United States v. Grinin*, No. 22-CR-409 (HG) (E.D.N.Y. filed Aug. 30, 2023), ECF No. 80, multiple defendants remained at large, and thus real concern of dissemination of discovery to them prior to arrest remained. Finally, *United States v. Macario*, No. 22-CR-356 (ENV) (E.D.N.Y. filed Jan. 27, 2023), ECF Nos. 61-62, involved defendants with alleged connections to organized crime.