# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

JOSHUA NASS,

              Defendant.

STIPULATION & PROTECTIVE ORDER

No. 26-CR-108 (DLI)

- - - - - - - - - - - - - - - - - - - - - - - - - - X

IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, that:

1.      All material and information disclosed or produced pursuant to Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), to the defendant JOSHUA NASS (the "Defendant"), and the Defendant's counsel ("Defense Counsel"), by the government in the above-captioned case (hereinafter, the "Discovery Materials"), shall be governed by this Stipulation and Protective Order (the "Protective Order").

2.      Discovery Materials, however designated, and any and all copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, may be used by the Defendant, Defense Counsel, and Defense Staff (which is defined as non-lawyer staff employed or contracted by Defense Counsel, as well as expert witnesses, investigators, and interpreters retained by Defense Counsel) only for the purposes of defending against the charges in the above-captioned case, including but not limited to

1

preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

3.    Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to the Defendant and/or Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, shall not be further disclosed, disseminated, or discussed by the Defendant, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities.  Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

4.    If the Defendant obtains additional or substitute counsel, the Defendant, Defense Staff, or Defense Counsel will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials, unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs Attachment A to this Protective Order, and provides a signed copy of Attachment A to the government.  Substitute counsel shall assume Defense Counsel's responsibilities under the Protective Order only when substitute counsel has provided a signed copy of Attachment A to the government and the Court has granted Defense Counsel's request for withdrawal from the above-captioned case.

5.    In the event that the Defendant or Defense Counsel seek to file Discovery Materials with the Court in advance of trial, the Defendant and Defense Counsel will seek Court

authorization to file such material under seal and will not file such material publicly without first seeking Court authorization, with notice to the government.

6. Except as otherwise provided in this Protective Order, the Defendant, Defense Counsel, and Defense Staff shall not obtain or create any copies of the Discovery Material for disclosure or dissemination to any person other than Defense Counsel, Defense Staff, and the Defendant.

7. The Defendant and Defense Counsel will destroy or return to the government the Discovery Material and all copies thereof, whether in the possession of the Defendant, Defense Counsel, Defense Staff, or any other signatory to Attachment A to this Protective Order, when the Defendant concludes all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

8. Draft transcripts, translations, and/or summaries provided to the Defendant by the government, as well as copies, redacted copies, and any portions thereof (collectively, the "Draft Transcripts"), have neither been finalized nor reviewed for accuracy by the government.

9. Draft Transcripts may be furnished only to signatories of Attachment A to this Protective Order.

10. The use of any Draft Transcripts by the Defendant is limited to trial preparation for this case, including the preparation of transcripts by the defense. Draft Transcripts shall not be used in any proceeding by any person, including persons who are not

3

parties to this case, in any form or for any purpose whatsoever, including use in cross-examination of any witness.

11.    All Draft Transcripts, whether in the possession of the Defendant, Defense Counsel, Defense Staff, or any other signatory to Attachment A to this Protective Order, will be destroyed or returned to the government when final transcripts are provided by the government or when a jury is sworn in the above-captioned case, whichever occurs first.

12.    Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery.

13.    Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press – Fair Trial Directives" of Local Criminal Rule 23.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

14.    In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

15.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:          Brooklyn, New York
                May ___, 2026

                                                JOSEPH NOCELLA, JR.
                                                United States Attorney
                                                Eastern District of New York


                                        By: _____
                                                Anna L. Karamigios
                                                Victor Zapana
                                                Kamil R. Ammari
                                                Assistant U.S. Attorneys


_____
Henry E. Mazurek, Esq.
Ilana Haramati, Esq.
Attorneys for Joshua Nass



SO ORDERED.


_____
THE HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

5

## Attachment A to Stipulation and Protective Order

I have read the attached Stipulation and Protective Order in the criminal matter of <u>United States v. Joshua Nass</u>, No. 26-CR-108 (DLI), and, by my signature below, agree to be bound by all the terms of the Stipulation and Protective Order.

| Printed Name | Signature |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |