UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   -against-                             PROTECTIVE ORDER

JOSHUA NASS,                        No. 26-CR-108 (DLI)

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

        Upon review of the application by Joseph Nocella, Jr., United States Attorney, by

Assistant United States Attorneys Anna L. Karamigios, Victor Zapana, and Kamil R. Ammari,

and upon a showing of good cause demonstrated in such application, IT IS HEREBY

ORDERED by the Court, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure,

that:

        1.      All material and information disclosed or produced pursuant to Rules 16

and 26.2 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or

pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150

(1972), to the defendant JOSHUA NASS (the "Defendant"), and the Defendant's counsel

("Defense Counsel"), by the government in the above-captioned case (hereinafter, the

"Discovery Materials"), shall be governed by this Protective Order (the "Protective Order").

        2.      Discovery Materials, however designated, and any and all copies, notes,

transcripts, documents, and other information and materials derived or prepared from the

Discovery Materials, may be used by the Defendant, Defense Counsel, and Defense Staff (which

is defined as non-lawyer staff employed or contracted by Defense Counsel, as well as expert

witnesses, investigators, and interpreters retained by Defense Counsel) only for the purposes of

defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

3.    Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to the Defendant and/or Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, shall not be further disclosed, disseminated, or discussed by the Defendant, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

4.    If the Defendant obtains additional or substitute counsel, the Defendant, Defense Staff, or Defense Counsel will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials, unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs Attachment A to this Protective Order, and provides a signed copy of Attachment A to the government. Substitute counsel shall assume Defense Counsel's responsibilities under the Protective Order only when substitute counsel has provided a signed copy of Attachment A to the government and the Court has granted Defense Counsel's request for withdrawal from the above-captioned case.

5.    In the event that the Defendant or Defense Counsel seek to file Discovery Materials specifically identified by the government as sensitive discovery material (the

"Sensitive Discovery Material") with the Court in advance of trial, the Defendant and Defense Counsel will seek Court authorization to file such material under seal and will not file such material publicly without first seeking Court authorization, with notice to the government.

6. The Defendant may review Sensitive Discovery Materials only in the presence, whether in-person or virtual, of Defense Counsel or Defense Staff. The Defendant is prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, documents, and other information and materials derived or prepared from the Sensitive Discovery Material, including materials created by the Defendant.

7. Except as otherwise provided in this Protective Order, the Defendant, Defense Counsel, and Defense Staff shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than Defense Counsel and Defense Staff.

8. If Defense Counsel chooses to share the Sensitive Discovery Material with the Defendant, a witness, and/or a witness's counsel, that Sensitive Discovery Material must be shared in the presence, whether in-person or virtual, of Defense Counsel or Defense Staff.

9. All Discovery Material specifically identified by the government as material designated for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material") shall be treated as if it had been designated as Sensitive Discovery Material with the additional limitations discussed in paragraph 10 below.

10. Attorneys' Eyes Only Material may be reviewed only by Defense Counsel and Defense Staff, as defined in paragraphs 1 and 2 above, respectively. Attorneys' Eyes Only Material, or any copies, notes, transcripts, documents, or other information and materials derived

3

or prepared from the Attorneys' Eyes Only Material, may not be disseminated to or reviewed by any other person, including the Defendant.

11.     Any documents, material, or information may be designated Sensitive Discovery Material only upon a good-faith belief by the government (or Defense Counsel as it pertains to reciprocal discovery) that such materials contain: identifying information for any potential witness, victim, or individual not a party to this litigation; sensitive information of a victim or of a witness; information that could impede an ongoing law enforcement investigation; information that could implicate the safety of others; and/or any other information that the government (or Defense Counsel as it pertains to reciprocal discovery) deems in need of heightened protection under this Protective Order.  Any documents, material, or information may be designated Attorneys' Eyes Only Material only upon a good-faith belief by the government (or Defense Counsel as it pertains to reciprocal discovery) that designation as Sensitive Discovery Material provides insufficient protection to such materials.

12.     If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material or Attorneys' Eyes Only Material, the Defense Counsel may provide notice to the government and a reasoned explanation regarding why Defense Counsel does not believe the materials require treatment as Sensitive Discovery Material or Attorneys' Eyes Only Material.  To the extent the parties do not agree, either party—upon providing notice of the intent to make such an application—may apply to the Court within fourteen (14) days and seek to establish good cause regarding why the material should be treated as Sensitive Discovery Material or Attorneys' Eyes Only Material.  The Defendant, Defense Counsel, and Defense Staff shall treat the material as Sensitive Discovery Material or Attorneys' Eyes Only Material, as applicable, pending any determination by the Court.

13.     Any documents, material, or information determined to be Sensitive Discovery Material or Attorneys' Eyes Only Material will be so designated by stamping the legend "SENSITIVE" or "ATTORNEYS' EYES ONLY" on the document or by otherwise indicating the appropriate designation to Defense Counsel either (1) orally at the time of the disclosure and subsequently confirmed in writing, or (2) in writing. While each page of a sensitive document and its attachments may be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains Sensitive Discovery Material or Attorneys' Eyes Only Material.

14.     The Defendant and Defense Counsel will destroy or return to the government the Sensitive Discovery Material and the Attorney Eyes' Only Material and all copies thereof, whether in the possession of the Defendant, Defense Counsel, Defense Staff, or any other signatory to Attachment A to this Protective Order, when the Defendant concludes all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

15.     Draft transcripts, translations, and/or summaries provided to the Defendant by the government, as well as copies, redacted copies, and any portions thereof (collectively, the "Draft Transcripts"), have neither been finalized nor reviewed for accuracy by the government.

16. Draft Transcripts may be furnished only to signatories of Attachment A to this Protective Order.

17. The use of any Draft Transcripts by the Defendant is limited to trial preparation for this case, including the preparation of transcripts by the defense. Draft Transcripts shall not be used in any proceeding by any person, including persons who are not parties to this case, in any form or for any purpose whatsoever, including use in cross-examination of any witness.

18. All Draft Transcripts, whether in the possession of the Defendant, Defense Counsel, Defense Staff, or any other signatory to Attachment A to this Protective Order, will be destroyed or returned to the government when final transcripts are provided by the government or when a jury is sworn in the above-captioned case, whichever occurs first.

19. Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery.

20. Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press – Fair Trial Directives" of Local Criminal Rule 23.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

21. In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

22.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:          Brooklyn, New York
                May  15 , 2026


SO ORDERED.

_Dora L. Arizarry_
THE HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

## <u>Attachment A to Protective Order</u>

I have read the attached Protective Order in the criminal matter of <u>United States v. Joshua Nass</u>, No. 26-CR-108 (DLI), and, by my signature below, agree to be bound by all the terms of the Protective Order.

| Printed Name | Signature |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |