

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TH/ALK:VAZ/KRA                     *271 Cadman Plaza East*
F. #2026R00061                     *Brooklyn, New York 11201*


May 29, 2026


<u>By ECF and Hand</u>

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Joshua Nass,
       <u>Criminal Docket No. 26-108 (DLI)</u>

Dear Judge Irizarry:

    On behalf of the parties, the government respectfully submit this letter to provide the Court with an update in advance of the status conference scheduled for June 5, 2026. Since the initial appearance held for the defendant on May 15, 2026, the government has produced discovery in this case to the defense. As discussed below, the government has also conferred with defense counsel regarding a potential pretrial schedule, and the parties jointly propose that the Court adopt the proposed pretrial schedule set forth below.

    I.   <u>Status of Discovery</u>

    On May 21, 2026, the government made its initial Rule 16 discovery production to the defendant pursuant to the protective order entered in this matter. <u>See</u> ECF No. 35. This initial production included public filings relating to the defendant, subpoena returns, surveillance images, recordings and corresponding draft translations and transcripts, cell-site search warrant returns, relevant message threads and related materials, and an extraction of the defendant's cell phone. The government also included a detailed index to enable the defense to review the discovery efficiently and identify evidence of particular relevance.[1]

    The materials produced to date constitute the substantial majority of the Rule 16 discovery currently available in this case. The government, however, expects to make limited supplemental Rule 16 productions in the coming weeks. These are likely to include, among other things, additional subpoena returns that become available. In addition, and importantly, the government's investigation is ongoing. As such, it may continue to receive records from a

---

    [1]   The government also requested reciprocal discovery from the defendant.

variety of sources, including witnesses and entities.  The government will continually review such records to determine whether they contain Rule 16 material (or otherwise give rise to disclosure obligations) and, if they do, disclose the records promptly to ensure non-interference with any pretrial schedule set by the Court.

II.      Pretrial Schedule

The government and the defense have conferred regarding a potential pretrial schedule in this case.  The parties offer the schedule set forth below as a framework for the Court's consideration, with an eye toward balancing the interest in proceeding to trial expeditiously with the need to ensure adequate time for the defendant to review discovery and for briefing, argument, and rulings by the Court.  The parties note that the framework outlined below is tightly compressed to accommodate the short runway before the scheduled trial, and it will require very efficient work throughout the coming months from all parties involved.  The parties also are prepared to discuss the scheduling of any proceedings, including the final pretrial conference, during the upcoming status conference.

| Date | Dexadline[2] |
|---|---|
| June 23, 2026 | Expert Witness Notices Due |
| June 26, 2026 | Rule 12 Motions (Defendant) |
| July 3, 2026 | Opposition to Rule 12 Motions (Government) |
| July 8, 2026 | Replies in Support of Rule 12 Motions (Defendant) |
| July 17, 2026 | Motions in Limine / 404(b) Notice |
| July 24, 2026 | Oppositions to Motions in Limine |
| July 27, 2026 | Initial Production of Rule 26.2, 3500, and Giglio Material |
| July 29, 2026 | Replies in Support of Motions in Limine |
| July 31, 2026 | Initial Witness and Exhibit Lists |

III.     Expected Motions

The parties have conferred, and at this stage, the defense anticipates that its pretrial motions will consist of: (1) dismissing or limiting certain counts of the Indictment; (2) to the extent unresolved, raising any open discovery disputed; and (3) after conferring with the government, and to the extent necessary, requesting a bill of particulars regarding certain counts in the Indictment.

---

[2]    All proposed deadlines apply to both the government and the defendant unless otherwise noted.

The Court also has requested the parties' views concerning potential motions in limine. At this time, the parties are still in discussions about what trial stipulations, if any, they plan to sign. The parties also have not finalized all the motions in limine they expect to file with the Court. Nonetheless, the government at this time expects to file motions in limine concerning the admission of certain statements of the defendant and additional evidence, and to preclude cross-examination of government witnesses on certain topics. The defendants are in the process of reviewing discovery produced by the government in the last week, and require additional time to determine what motions in limine are appropriate.

IV.     Conclusion

The government will be prepared to address these issues in greater detail at Friday's status conference.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     /s/
        Victor Zapana
        Kamil R. Ammari
        Assistant U.S. Attorneys
        (718) 254-7000